IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LACRITIA SPANEL,<br><br>Plaintiff,<br><br>vs.<br><br>CENTRAL COMMUNITY COLLEGE, CHRIS WADDLE, in his individual capacity; GREG SMITH, in his individual capacity; and MATT GOTSCHALL, in their individual capacities;<br><br>Defendants. | **8:18CV380**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff has filed a motion for leave to file a motion to compel out of time, along with her motion to compel. (Filing No. 126). The motion argues Plaintiff is entitled to discovery regarding the legal advice provided and investigative facts collected by Central Community College's ("CCC") counsel when assisting CCC in responding to Plaintiff's first EEOC charge and the allegations in this lawsuit. Plaintiff states the Good Faith and <u>Faragher-Ellerth</u> defenses within CCC's Answer to the Third Amended Complaint, along with CCC's statement of facts in its summary judgment briefing, impliedly waive any privilege regarding counsel's investigation and advice provided to CCC. (Filing No. 126, at CM/ECF p. 4). For the reasons discussed below, the motion will be denied.

FACTUAL STATEMENT

As outlined in the Plaintiff's 62-page Third Amended Complaint, (Filing No. 56), Plaintiff alleges Defendants subjected her to ongoing discrimination, harassment, and retaliation from early 2016 to the date she filed her Third Amended Complaint, August 26, 2020. She filed her EEOC Charge on March 24,

2017, and this lawsuit was filed on August 10, 2018. In their Answer to the Third Amended Complaint, Defendants allege:

> Plaintiff's claims are barred, in whole or in part, because Defendants had policies in place prohibiting discrimination, harassment, and other alleged wrongful conduct during Plaintiff's tenure. Defendants distributed and/or made these policies available to Plaintiff, and Plaintiff unreasonably failed to avail herself of the protections of these policies or to otherwise avoid harm.
>
> Defendants have made good faith efforts to prevent discrimination in the workplace and cannot be liable for decisions of their agents, if any, or for punitive damages, to the extent the challenged employment decisions were contrary to their good faith efforts to comply with anti-discrimination statutes.

(Filing No. 75, at CM/ECF p. 32, ¶¶ 6-7).

Defendants have now moved for summary judgment. (Filing No. 116). In their statement of undisputed facts, Defendants state:

> In March 2017, Plaintiff filed an EEOC charge of discrimination. . . . In response, CCC retained counsel, participated in the EEOC investigation, and attended pre-litigation mediation with Spanel. . . . Plaintiff never supplemented or amended her administrative filing. . . . Plaintiff received her Notice of Right to Sue from the EEOC on March 26, 2018.

(Filing No. 117, at CM/ECF p. 13, ¶ 41).

Defendants' brief argues:

> [T]he contention that the CCC Board deliberately ignored and undertook no action in response to Spanel's EEOC charge and civil litigation is untenable. To the contrary, CCC retained counsel, participated in the EEOC investigation, and attended pre-litigation mediation with Spanel. . . . CCC also retained litigation counsel, and it answered Plaintiff's Second and Third Amended Complaints, admitting those facts that were accurate and denying those allegations that were false. CCC has undertaken extensive investigation and discovery throughout the three-year life of this

case, and as demonstrated herein, that discovery and investigation have confirmed that Plaintiff's unsupported claims are meritless, if not outright fabricated.

(Filing No. 117, at CM/ECF p. 46).

Plaintiff argues these two paragraphs alerted her to Defendants' intent to rely on legal advice and investigation results received from their attorneys in asserting a good faith and <u>Faragher-Ellerth</u> affirmative defense.[1] Plaintiff claims these paragraphs thereby waived Defendants' right to the confidentiality afforded under the attorney-client privilege and work product doctrine. She seeks the right to reopen discovery to learn what defense counsel said and the documents they provided to the defendants after the EEOC charge was filed in March of 2017.

ANALYSIS

The parties appear to agree that absent any waiver, the information Plaintiff seeks is protected by the attorney-client privilege or work product doctrine. They disagree on whether the affirmative defenses alleged and the citations in Defendants' brief implicitly waive these protections from disclosure.

The attorney-client privilege may also be implicitly waived by raising attorney advice as a defense to a claim. A party cannot selectively assert the privilege to block the introduction of information harmful to its case after introducing other aspects of its conversations with counsel for its own benefit. "The attorney client privilege cannot be used as both a shield and a sword," and a defendant cannot claim it relied on counsel's advice without permitting the

---

[1] The undersigned magistrate judge has reviewed Defendants' entire summary judgment brief. As confirmed by Plaintiff's own briefing on this motion to compel, the recited paragraphs are the only references to defense counsel in Defendants' 48-page brief.

3

opposing party to explore the substance of that advice. U.S. v. Workman, 138 F.3d 1261, 1263-64 (8th Cir. 1998).

Plaintiff argues that Defendants cannot be allowed to argue that "they retained counsel who performed an[] investigation who allegedly determined Plaintiff's claims were meritless," while at the same time preventing Plaintiff from discovering the contents of counsel's investigation and communications.

> Allowing Defendants to rely on CCC's counsel's investigations and advice as a means to defend their case, while simultaneously preventing Plaintiff from discovering the communications created as part of and in furtherance of the investigation, would be patently unfair and effectively hobble Plaintiff's case by allowing Defendants to use those communications as both a sword and a shield—a tactic not allowed.

(Filing No. 127, at CM/ECF p. 17).

Defendants' briefing states that Defendants are not asserting that attorney communications and advice or the results of attorney investigations support their affirmative defenses, (Filing No. 131, at CM/ECF p. 4), and they are not arguing the reasonableness of their responses to either the EEOC charges or this lawsuit to prove any affirmative defense. Id. at CM/ECF p. 6. Citing their Answer to the Third Amended Complaint, Defendants state their good faith and Faragher-Ellerth defense "is grounded in CCC's policies, Plaintiff's awareness of those policies, and Plaintiff's refusal to cooperate with CCC's attempt to address her one complaint." Id. at 5.

Plaintiff argues the statements within Defendants' summary judgment brief prove otherwise. Having reviewed those statements, the court disagrees. Defendants' brief states that in response to Plaintiff's EEOC claim and this litigation, they retained counsel for both the EEOC claim and this litigation. These facts can be proven by merely citing to the filings before the EEOC and in this

4

court. Defendants' summary judgment statements explain the events which triggered retaining counsel representation; facts that are neither privileged nor in dispute, and which can be either proved, rebuffed, or tested without giving Plaintiff access to Defendants' privileged material. See, e.g., Ryall v. Appleton Elec. Co., 153 F.R.D. 660, 662–63 (D. Colo. 1994) (finding no implicit waiver where the employee plaintiff already possessed a significant amount of information pertaining to the company's internal investigation).

Moreover, there is nothing in Defendants' Answer or summary judgment briefing indicating Defendants received or considered, much less relied on or followed, counsel's advice when responding to Plaintiff's employment claims and allegations. "The key to a finding of implied waiver . . . is some showing by the party arguing for a waiver that the opposing party 'relies' on the privileged communication" to prove a claim or defense. Garcia v. Kids, No. 8:14CV119, 2016 WL 199413, at *3 (D. Neb. Jan. 15, 2016); see also Crutcher-Sanchez v. Cty. of Dakota, Neb., No. 8:09CV288, 2011 WL 612061, at *10 (D. Neb. Feb. 10, 2011) (finding no implicit waiver where "it does not appear the defendants rely on the adequacy of the [attorney's] investigation" as evidence supporting their Faragher-Ellerth affirmative defense); In re Cty. of Erie, 546 F.3d 222, 229 (2d Cir. 2008) (holding an implicit waiver can occur only if the proponent of the privilege has or will rely on privileged advice to make his claim or defense); Bacchi v. Massachusetts Mut. Life Ins. Co., 110 F. Supp. 3d 270, 276 (D. Mass. 2015).

Finally, merely representing a client and asserting the client's defenses in an employment case does not waive the defendant's attorney-client privilege or the work product doctrine. Crutcher-Sanchez, 2011 WL 612061, at *10 ("The defendants did not waive privilege to [attorney investigation report] by generally alleging they may rely on the Ellerth/Faragher defense to vicarious liability and

that they exercised reasonable care to prevent and correct promptly any alleged sexually harassing behavior."); see also United States Equal Emp. Opportunity Comm'n v. George Washington Univ., 502 F. Supp. 3d 62, 87 (D.D.C. 2020) ("Courts have rejected the notion that merely pleading a claim or affirmative defense to which privileged communication might be relevant puts protected information at issue such that it is discoverable."). "A mere indication of a claim or defense certainly is insufficient to place legal advice at issue" and thereby implicitly waive the confidentiality of attorney-client communications and work product. In re Cty. of Erie, 546 F.3d at 229. A contrary result would eviscerate a defendant's right to protect its work product and attorney-client communications from disclosure when defending an employment law action.

For all the foregoing reasons, the court finds that Defendants have not implicitly waived the confidentiality afforded under the attorney-client privilege and work product doctrine. Accordingly,

IT IS ORDERED that Plaintiff's motion for leave to file a motion to compel out of time to permit discovery of the advice of counsel/investigation performed by counsel, (Filing No. 126), is denied.

Dated this 14th day of December, 2021.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge